1

2

3

4

5

6

7

8                        **UNITED STATES DISTRICT COURT**

9                      **CENTRAL DISTRICT OF CALIFORNIA**

10                             **WESTERN DIVISION**

11

12  ROCHELLE D. ROSS,              )      No. CV 07-6193 CW
                                   )
13              Plaintiff,         )      DECISION AND ORDER
           v.                      )
14                                 )
    MICHAEL J. ASTRUE,             )
15  Commissioner, Social Security  )
    Administration,                )
16                                 )
                Defendant.         )
17  _____)

18

19      The parties have consented, under 28 U.S.C. § 636(c), to the

20  jurisdiction of the undersigned Magistrate Judge.  Plaintiff seeks

21  review of the Commissioner's denial of disability benefits.  As

22  discussed below, the court finds that the Commissioner's decision

23  should be reversed and this matter remanded for further proceedings.

24                          **I.   BACKGROUND**

25      Plaintiff Rochelle Ross was born on June 20, 1952, and was fifty-

26  four years old at the time of her administrative hearing.

27  [Administrative Record ("AR") 271.]  She has a ninth grade education

28  and past relevant work experience as a janitorial cleaner, hostess,

                                      1

office worker, private home care provider, retail stocker and data entry clerk. [AR 26, 271.]  Plaintiff alleges disability on the basis of chronic low back pain, back spasms, radicular pain, low intellectual functioning, and difficulty ambulating. [AR 30.]

## II.   PROCEEDINGS IN THIS COURT

Plaintiff's complaint was lodged on September 25, 2007, and filed on September 28, 2007.  On April 3, 2008, defendant filed an answer and plaintiff's Administrative Record ("AR").  On October 2, 2008, the parties filed their Joint Stipulation ("JS") identifying matters not in dispute, issues in dispute, the positions of the parties, and the relief sought by each party.  This matter has been taken under submission without oral argument.

## III.   PRIOR ADMINISTRATIVE PROCEEDINGS

Plaintiff applied for disability insurance benefits ("DIB") under Title II of the Social Security Act on April 13, 2004, alleging disability since December 10, 2003.  [AR 18, JS 1.]  After the application was denied initially, plaintiff requested an administrative hearing, which was held on August 16, 2006, before Administrative Law Judge ("ALJ") Melvin Benitz.  [AR 18, 468; JS 1.] Plaintiff appeared with counsel, and testimony was taken from plaintiff and vocational expert Adina Leviton.  [AR 467.]  The ALJ denied benefits in a decision dated September 5, 2006. [AR 18-28.] When the Appeals Council denied review on July 6, 2007, the ALJ's decision became the Commissioner's final decision. [AR 8-10.]

## IV.   STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits.  The Commissioner's (or ALJ's) findings and decision should be upheld if they are free of

2

1  legal error and supported by substantial evidence.  However, if the

2  court determines that a finding is based on legal error or is not

3  supported by substantial evidence in the record, the court may reject

4  the finding and set aside the decision to deny benefits.  See Aukland

5  v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001); Tonapetyan v.

6  Halter, 242 F.3d 1144, 1147 (9th Cir. 2001); Osenbrock v. Apfel, 240

7  F.3d 1157, 1162 (9th Cir.  2001); Tackett v. Apfel, 180 F.3d 1094,

8  1097 (9th Cir. 1999); Reddick v. Chater, 157 F.3d 715, 720 (9th Cir.

9  1998); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); Moncada

10 v. Chater, 60 F.3d 521, 523 (9th Cir. 1995)(per curiam).

11      "Substantial evidence is more than a scintilla, but less than a

12 preponderance." Reddick, 157 F.3d at 720.  It is "relevant evidence

13 which a reasonable person might accept as adequate to support a

14 conclusion."  Id.  To determine whether substantial evidence supports

15 a finding, a court must review the administrative record as a whole,

16 "weighing both the evidence that supports and the evidence that

17 detracts from the Commissioner's conclusion."  Id.  "If the evidence

18 can reasonably support either affirming or reversing," the reviewing

19 court "may not substitute its judgment" for that of the Commissioner.

20 Reddick, 157 F.3d at 720-721; see also Osenbrock, 240 F.3d at 1162.

21                          **V.   DISCUSSION**

22      **A.   THE FIVE-STEP EVALUATION**

23      To be eligible for disability benefits a claimant must

24 demonstrate a medically determinable impairment which prevents the

25 claimant from engaging in substantial gainful activity and which is

26 expected to result in death or to last for a continuous period of at

27 least twelve months.  Tackett, 180 F.3d at 1098; Reddick, 157 F.3d at

28 721; 42 U.S.C. § 423(d)(1)(A).

                                   3

Disability claims are evaluated using a five-step test:

Step one: Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.

Step two: Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.

Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Part 404, Subpart P, Appendix 1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.

Step four: Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.

Step five: Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995, as amended April 9, 1996); see also Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987); Tackett, 180 F.3d at 1098-99; 20 C.F.R. § 404.1520, § 416.920.  If a claimant is found "disabled" or "not disabled" at any step, there is no need to complete further steps.  Tackett, 180 F.3d 1098; 20 C.F.R. § 404.1520.

Claimants have the burden of proof at steps one through four, subject to the presumption that Social Security hearings are non-adversarial, and to the Commissioner's affirmative duty to assist claimants in fully developing the record even if they are represented by counsel.  Tackett, 180 F.3d at 1098 and n.3; Smolen, 80 F.3d at 1288.  If this burden is met, a prima facie case of disability is made, and the burden shifts to the Commissioner (at step five) to prove that, considering residual functional capacity ("RFC")[1], age,

---

[1]  Residual functional capacity measures what a claimant can still do despite existing "exertional" (strength-related) and "nonexertional" limitations.  Cooper v. Sullivan, 880 F.2d 1152, 1155 n.s. 5-6 (9th Cir. 1989).  Nonexertional limitations limit ability to

education, and work experience, a claimant can perform other work which is available in significant numbers. <u>Tackett</u>, 180 F.3d at 1098, 1100; <u>Reddick</u>, 157 F.3d at 721; 20 C.F.R. § 404.1520, § 416.920.

**B. THE ALJ'S EVALUATION IN PLAINTIFF'S CASE**

Here, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged disability onset date (step one); that plaintiff had "severe" impairments, namely degenerative disc disease and depression (step two); and that plaintiff did not have an impairment or combination of impairments that met or equaled a "listing" (step three). [AR 20, 22.] The ALJ found that plaintiff had an RFC for a significant range of light work, including a limitation to simple, routine, unskilled, low stress work that has a sit-stand option every thirty minutes and requires only low concentration and memory and that allows her to avoid prolonged climbing, balancing and stooping, as well as overhead reaching; plaintiff must also avoid temperature and humidity extremes, heights and hazardous machinery. [AR 23.] Plaintiff was found unable to perform any of her past relevant work (step four). [AR 26.] The ALJ found that plaintiff could make a successful adjustment to other jobs in the national economy, such as sealer for semiconductor dyes or manufacturing inspector (step five). [AR 27.] Accordingly, plaintiff was found not "disabled" as defined by the Social Security Act. [AR 28.]

---

work without directly limiting strength, and include mental, sensory, postural, manipulative, and environmental limitations. <u>Penny v. Sullivan</u>, 2 F.3d 953, 958 (9th Cir. 1993); <u>Cooper</u>, 800 F.2d at 1155 n.7; 20 C.F.R. § 404.1569a(c). Pain may be either an exertional or a nonexertional limitation. <u>Penny</u>, 2 F.3d at 959; <u>Perminter v. Heckler</u>, 765 F.2d 870, 872 (9th Cir. 1985); 20 C.F.R. § 404.1569a(c).

**C.   ISSUES IN DISPUTE**

The parties' Joint Stipulation identifies three disputed issues:

1.   Whether the ALJ provided clear and convincing evidence to discredit plaintiff;

2.   Whether the ALJ's finding that plaintiff did not meet or equal a listed impairment is supported by substantial evidence; and

3.   Whether the ALJ's vocational findings are supported by substantial evidence.

[JS 9.]

**D.   ISSUE ONE: CREDIBILITY**

In a questionnaire completed in May 2004, plaintiff wrote that she completes her personal hygiene and dressing with difficulty; she fixes simple meals; she takes public transportation and no longer drives; she shops with her daughter or by herself; she watches television; she attends church and therapy; and that she is much more limited in her activities than prior to the onset of her claimed disability. [AR 87-97.]  Subsequently, during the administrative hearing, plaintiff testified that she stopped working in December 2003 when she fell down some stairs and hurt her back and legs. [AR 476.] She further testified that she continued to feel pain but that it made walking difficult; medication only partially controls the pain; she can only sit for fifteen to twenty minutes at a time; she no longer drives; she has back spasms; an average day consists of watching television and reading; she occasionally visits her daughter; she attends church; she can wash her own dishes; and that she has tried to take up a hobby such as crochet. [AR 476-82.]

In the administrative decision, the ALJ did not credit

6

1  plaintiff's testimony, citing medical findings that were "indicative

2  that the claimant's complaints are not fully substantiated by the

3  objective medical conclusions and her symptoms may not have been as

4  limiting as the claimant has alleged with this application."[2] [AR 24.]

5  The ALJ also noted that a review of her work history shows that she

6  "worked only sporadically prior to the alleged disability onset date,

7  often not working for years at a time prior to her accident in 2003"

8  and that "this raises a question as to whether the claimant's

9  continuing unemployment is actually due to medical impairments." [Id.]

10 Additionally, the ALJ found that plaintiff had "daily activities which

11 are not limited to the extent one would expect, given the complaints

12 of disabling symptoms and limitations" and that the activities were

13 "not inconsistent with the performance of many basic work activities."

14 [Id.]   Plaintiff argues that the ALJ's credibility finding is not

15 supported by substantial evidence.[3] [JS 9-14.]

16

17      [2]  Specifically, the ALJ cited the following evidence to find
   plaintiff's testimony not fully supported by the medical record:   a
18 physical therapy report that showed improvement with decreased pain
   frequency [AR 130]; a report dated April 2004 by Dr. Ushma Patel that
19 plaintiff had 5/5 strength in her left lower extremity [AR 139-40]; a
   report dated May 2004 by Dr. Sandra Boehlert that found, among other
20 things, that plaintiff had a normal gait, could fully squat, used no
   assistive device, had full range of motion in her upper extremities,
21 hips, ankles and cervical spine, and had 5/5 strength in all of her
   extremities [AR 158-61]; an intellectual evaluation dated June 2003 by
22 Dr. Melvin Zax that plaintiff's concentration, attention and memory
   were intact but that there was not a "great deal of motivation on her
23 part to work" [AR 162-65]; a report dated September 2004 by Dr.
   Clifford Ameduri that plaintiff had 5/5 strength in all her
24 extremities, her gait was nonantalgic, and she was oriented in all
   spheres [AR 214-15]; and a report dated December 2005 by Dr. Thomas
25 McElligott that plaintiff had no paravertebral spasm and straight leg
   raising was negative [AR 383-84].

26

27      [3]  Plaintiff further argues a finding of disability is warranted
   because the VE testified that if plaintiff's testimony were credited
28 as true, there would be no work in the national economy that plaintiff
   could do. [AR 489.]  However, the record shows the VE did not respond

7

1    In general, questions of credibility and resolution of conflicts

2  in the testimony are functions solely for the ALJ.  Parra v. Astrue,

3  481 F.3d 742, 750 (9th Cir. 2007) (citing Sample v. Schweiker, 694

4  F.2d 639, 642 (9th Cir. 1982)).  To determine whether a claimant's

5  subjective symptom testimony is credible, the ALJ must engage in a

6  two-step analysis.  Lingenfelter v. Astrue, 504 F.3d 1038, 1036 (9th

7  Cir. 2007).  First, the ALJ must determine whether the claimant has

8  presented objective medical evidence of an underlying impairment

9  "which could reasonably be expected to produce the pain or other

10 symptoms alleged."  Id. (quoting Bunnell v. Sullivan, 947 F.2d 341,

11 344 (9th Cir. 1991)).  Second, if the claimant meets this first test,

12 and there is no evidence of malingering, "the ALJ can reject the

13 claimant's testimony about the severity of her symptoms only by

14 offering specific, clear and convincing reasons for doing so."

15 Lingenfelter, 504 F.3d at 1036 (quoting Smolen v. Chater, 80 F.3d

16 1273, 1281 (9th Cir. 1996)); see also Parra, 481 F.3d at 750; Holohan

17 v. Massanari, 246 F.3d 1195, 1208 (9th Cir. 2001).  An ALJ must

18 "specifically identify" the testimony found not credible, the ALJ must

19 "explain what evidence undermines the testimony," and the evidence on

20 which the ALJ relies must be "substantial."  Parra, 481 F.3d at 750;

21

22 to a hypothetical question setting out the limitations found in
   plaintiff's testimony, but instead, on limitations found in the
   opinion of Dr. McElligott. [Compare AR 352-58 and AR 489.]  As for
23 that opinion, the ALJ declined to give it significant weight because
   it was written on a "fill-in-the-blank" form without an accompanying
24 explanation; it conflicted with other substantial evidence of record
   cited in the decision; it appeared that Dr. McElligott did not
25 adequately consider the entire record, including the statements of
   collateral sources and the objective findings of other treating
26 physicians; and the objective evidence in the record did not support
   the level of severity that Dr. McElligott assigned. [AR 24-25.]  Upon
27 review of the record, the ALJ provided specific and legitimate reasons
   supported by substantial evidence in the record not to give the
28 opinion significant weight.  See Lester, 81 F.3d at 830.

1  _Tonapetyan_, 242 F.3d at 1148 ("The ALJ must give specific, convincing
2  reasons for rejecting the claimant's subjective statements."); _Light_
3  _v. Social Security Admin._, 119 F.3d 789, 792 (9th Cir. 1997).

4      Based on this standard, clear and convincing reasons were
5  provided to support the credibility finding in this case.  First, the
6  ALJ found that the objective medical evidence did not corroborate the
7  severity of plaintiff's subjective symptom complaints.  _See Bunnell v._
8  _Sullivan_, 947 F.2d 341, 347 (9th Cir. 1991)(en banc) (although ALJ may
9  not reject a claimant's subjective complaints based solely on a lack
10 corroborating medical evidence, the ALJ is not prohibited from
11 considering the presence or absence of objective evidence
12 corroborating the alleged severity of a claimant's subjective
13 complaints).  Second, the ALJ permissibly applied "ordinary techniques
14 of credibility evaluation" to test plaintiff's credibility.  _See Fair_
15 _v. Bowen_, 885 F.2d 597, 603 (9th Cir. 1989); _Thomas v. Barnhart_, 278
16 F.3d 947, 959 (9th Cir. 2002)(upholding adverse credibility finding
17 because, among other things, plaintiff's work history was "spotty at
18 best").  Third, the ALJ discussed plaintiff's daily activities and how
19 they were not incompatible with the performance of basic work duties.
20 _See Thomas_, 278 F.3d at 953, 959 (holding that the ALJ did not err in
21 finding that the claimant's ability to live alone and perform chores
22 such as cooking, laundry, washing dishes, and shopping undermined the
23 credibility of her subjective complaints).  Accordingly, this issue
24 does not warrant reversal.

25      **E.   ISSUE TWO: LISTING 12.05(C)**

26     In June 2004, during an Intellectual Evaluation performed by Dr.
27 Zax, plaintiff took the Wechsler Adult Intelligence Scale test (Third
28 Edition)("WAIS-III") and received a full scale IQ score of 61, a

1   verbal IQ score of 61, and a performance IQ score of 68. [AR 162-65.]

2   Plaintiff argues that these scores, combined with her physical

3   impairments, establish that she meets or equals the requirements of

4   Listing 12.05, which provides that

5       Mental retardation refers to significantly subaverage general
        intellectual functioning with deficits in adaptive functioning
6       initially manifested during the developmental period; i.e., the
        evidence demonstrates or supports onset of the impairment before
7       age 22. The required level of severity for this disorder is met
        when the requirements in A, B, C, or D are satisfied.
8
        20 C.F.R., Pt. 404, Subpt. P, App. 1, § 12.05.
9
        Specifically, plaintiff contends that she meets or equals the
10
    requirements of 12.05(C), which requires "a valid verbal, performance
11
    or full scale IQ of 60 through 70 and a physical or other mental
12
    impairment imposing an additional and significant work-related
13
    limitation of function." Id. at § 12.05(C). [JS 21-24.]
14
        However, assuming without deciding that the requirements of
15
    subsection (C) have been met, the record does not establish an onset
16
    of the impairment before plaintiff turned twenty-two.[4]  Accordingly,
17
    the current record does not establish that plaintiff is disabled under
18
    Listing 12.05(C).
19
        **F.   ISSUE THREE: VOCATIONAL FINDINGS**
20
        As stated above, the ALJ found that plaintiff had an RFC for a
21
    significant range of light work with several other limitations,
22
    including, in pertinent part, that plaintiff be limited to low stress
23
    work. [AR 23.]  During the administrative hearing, however, the ALJ
24
    omitted this limitation in the hypothetical question asked to the VE
25
    about plaintiff's ability to perform work in the national economy.
26

27      [4]  Plaintiff points out that she dropped out of high school in
    the ninth grade [JS 26], but this evidence is too speculative to
28  establish an onset date before the age of twenty-two.

                                10

1  The VE testified that a person with the limitations described by the
2  ALJ could perform work as an inspector for manufacturing and possibly
3  another job that was marked "inaudible" on the transcript. [AR 488.]
4  In the administrative decision, the ALJ found, at step five, that
5  plaintiff could perform the jobs of sealer for semiconductor dyes or
6  manufacturing inspector and, therefore, was not disabled. [AR 27.]

7       Plaintiff argues that this finding was erroneous because:  1.
8  The ALJ omitted plaintiff's limitation to low stress work in the
9  hypothetical question, and there is evidence that manufacturing jobs
10 sometimes require work at a fast pace, which is more than low stress
11 work;  2. The ALJ's finding that plaintiff could perform the job as
12 sealer of semiconductor dyes was not supported anywhere in the
13 transcript of the VE's testimony, which was marked as partially
14 inaudible; and 3.  The job of manufacturing inspector is not listed in
15 the Dictionary of Occupational Titles ("DOT"), but both manufacturing
16 and inspector jobs involve more than low stress work.  [JS 27-30.]
17 Defendant agrees that the step five finding was reversible error and
18 argues that remand is necessary so that the ALJ can incorporate all of
19 the limitations from plaintiff's RFC into hypothetical questions posed
20 to the VE. [JS 31.]

21      Upon review of the record, it is apparent that the hypothetical
22 questions in this case did not set out all of claimant's impairments
23 for the VE's consideration.  See Tackett v. Apfel, 180 F.3d 1094, 1101
24 (9th Cir. 1999)("The ALJ's depiction of the claimant's disability
25 [when asking hypothetical questions] must be accurate, detailed, and
26 supported by the medical record."); Embrey v. Bowen, 849 F.2d 418, 422
27 (9th Cir. 1988)("Hypothetical questions posed to the vocational expert
28 must set out *all* the limitations and restrictions of the particular

1   claimant. . .")(emphasis in original).  Under these circumstances, the

2   opinion of the vocational expert has no evidentiary value.  <u>Embrey</u>,

3   <u>id.</u>  Accordingly, remand for reconsideration of plaintiff's disability

4   status is appropriate.

5           **E.    REMAND FOR FURTHER PROCEEDINGS**

6           The decision whether to remand for further proceedings is within

7   the discretion of the district court.  <u>Harman v. Apfel</u>, 211 F.3d 1172,

8   1175-1178 (9th Cir. 2000).  Where no useful purpose would be served by

9   further proceedings, or where the record has been fully developed, it

10  is appropriate to exercise this discretion to direct an immediate

11  award of benefits.  <u>Harman</u>, 211 F.3d at 1179 (decision whether to

12  remand for further proceedings turns upon their likely utility).

13  However, where there are outstanding issues that must be resolved

14  before a determination can be made, and it is not clear from the

15  record that the ALJ would be required to find the claimant disabled if

16  all the evidence were properly evaluated, remand is appropriate.  <u>Id</u>.

17  Here, as set out above, outstanding issues remain before a finding of

18  disability can be made.  Accordingly, remand is appropriate.

19

20

21

22

23

24

25

26

27

28

                                    12

1

## VI.  <u>ORDERS</u>

Accordingly, **IT IS ORDERED** that:

1.    The decision of the Commissioner is **REVERSED**.

2.    This action is **REMANDED** to defendant, pursuant to Sentence Four of 42 U.S.C. § 405(g), for further proceedings as discussed above.

3.    The Clerk of the Court shall serve this Decision and Order and the Judgment herein on all parties or counsel.


DATED: October 23, 2008

```
                  _____/S/_____
                        CARLA M. WOEHRLE
                  United States Magistrate Judge
```

13